Jerrold S. Parker
Andres F. Alonso*
David B. Krangle
Melanie H. Muhlstock
**PARKER WAICHMAN ALONSO LLP**
111 Great Neck Road, 1st Floor
Great Neck, New York 11021-5402
Telephone: (516) 466-6500

Michael A. London
**DOUGLAS & LONDON, P.C.**
111 John Street, Suite 1400
New York, New York 10038
Telephone: (212) 566-7500

Daniel Becnel*
Matthew Moreland*
**BECNEL LAW FIRM, LLC**
106 West 7th Street
P.O. Drawer H
Reserve, Louisiana 70084
Telephone: (985) 536-1186

*Applications for admission *pro hac vice* to be filed

*Attorneys for Plaintiff Margaret Gonzalez,
on her own behalf and on behalf of all
others similarly situated*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARGARET GONZALEZ, on her own behalf and on behalf of all others similarly situated, )<br><br>Plaintiff, )<br><br>TOYOTA MOTOR SALES, U.S.A., INC.; TOYOTA MOTOR NORTH AMERICA, INC.; and TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., )<br><br>Defendants. ) | CIVIL ACTION NO._____<br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

Plaintiff, MARGARET GONZALEZ, residing at 4 Cypress, Somerset, New Jersey 08873, (hereinafter referred to as "Plaintiff"), by and through her undersigned attorneys, PARKER WAICHMAN ALONSO LLP, DOUGLAS & LONDON, P.C., and BECNEL LAW FIRM, LLC, brings this action on her own behalf and on behalf of a Class of persons defined below against Defendants, TOYOTA MOTOR SALES, U.S.A., INC., which has its principal place of business in the State of California, TOYOTA MOTOR NORTH AMERICA, INC., which has its principal place of business in the State of California, and TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., which has its principal place of business in the State of Kentucky, (hereinafter collectively referred to as "Defendants"), and for her complaint alleges, upon information and belief and based on the investigation to date of her counsel, as follows:

## NATURE OF THE CASE/OVERVIEW

1.      Plaintiff, MARGARET GONZALEZ (hereinafter referred to as "Plaintiff"), brings this action on behalf of herself and all citizens, residents, or domiciliaries of the State of New Jersey who own and/or lease Toyota vehicles of model years 2005-2010, which were subject to various recalls in January of 2010, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and seeks to recover compensatory, equitable, and actual and punitive damages, injunctive relief, and attorneys' fees.

2.      Plaintiff seeks to represent the following Class:

Toyota New Jersey Class: All citizens, residents, or domiciliaries of the State of New Jersey who own and/or lease a Toyota vehicle of model years 2005, 2006, 2007, 2008, 2009, and/or 2010 designed, manufactured, marketed, assembled, inspected, sold and/or distributed by Defendants, which was subject to recall by Toyota in January 2010 for defects in the vehicle's gas pedal.

3.      Defendants TOYOTA MOTOR SALES, U.S.A., INC., TOYOTA MOTOR

2

NORTH AMERICA, INC., and TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC. (hereinafter collectively referred "Defendants" and/or "Toyota") designed, manufactured, marketed, assembled, inspected, sold and/or distributed the Toyota vehicles of model years 2005, 2006, 2007, 2008, 2009, and/or 2010, which were subject to recall in January 2010.

4.      The affected models are the 2009 and 2010 Toyota RAV4, the 2009-2010 Toyota Corolla, the 2009-2010 Toyota Matrix, the 2009-2010 Pontiac Vibe, the 2010 Toyota Highlander, the 2007-2010 Toyota Tundra, the 2008-2010 Toyota Sequoia, and the 2007-2010 Toyota Camry ("Subject Vehicles").

5.      Upon information and belief, some 5.3 million vehicles have been recalled by the Defendants due to defects in accelerator pedals to date, which can unexpectedly become stuck in place and send the vehicle into a rapid, uncontrollable and unsafe acceleration.

## THE PARTIES

6.      Plaintiff, MARGARET GONZALEZ, is a natural person and a resident of the State of New Jersey.

7.      Upon information and belief, Defendant, Toyota Motor Sales, U.S.A., Inc., is a California corporation with its principal place of business located at 19001 South Western Avenue, Torrance, California 90501.

8.      Upon information and belief, Defendant, Toyota Motor North America, Inc., is a California corporation with its principal place of business located at 19001 South Western Avenue, Torrance, California 90501.

9.      Upon information and belief, Defendant, Toyota Motor Engineering and Manufacturing North America, Inc., is a Kentucky corporation with its principal place of

business located at 25 Atlantic Avenue, Erlanger, Kentucky 41018.

10.     At all times relevant hereto, each of the Defendants acted as the agent of each of the other Defendants.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d), because at least one member of the Plaintiff Class is a citizen of a different State than the Defendants, there are 100 or more class members, and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest and cost.

12.     Venue is properly set in this District pursuant to 28 U.S.C. § 1391(a) because Plaintiff resides in this judicial district and Defendants transact business and are found within this judicial district, and a substantial part of the events giving rise to the claims at issue in this Class Action Complaint arose in this judicial district.

13.     At all times relevant hereto, Defendants were engaged in the business of designing, manufacturing, assembling, inspecting, marketing, selling and/or distributing the Subject Vehicles.

14.     At all times relevant hereto, Defendants placed the Subject Vehicles into the stream of interstate commerce.

15.     As a direct and proximate result of Defendants placing the Subject Vehicles into the stream of interstate commerce, Plaintiff and the Plaintiff Class Members have suffered and continue to suffer damages, and will continue to suffer such damages indefinitely.

16.     Upon information and belief, at all times relevant hereto, Defendants were present and doing business in the State of New Jersey and throughout the United States.

17.     At all times relevant, Defendants transacted, solicited, and conducted business in

4

the State of New Jersey and throughout the United States and derived substantial revenue from such business.

18.     At all relevant times, Defendants expected or should have expected that their acts would have consequences within the State of New Jersey, and this judicial district in particular.

## GENERAL FACTUAL ALLEGATIONS

19.     This action is brought by the Plaintiff as a class action on behalf of all citizens, residents or domiciliaries of the State of New Jersey who own and/or lease a Toyota vehicle of model years 2005, 2006, 2007, 2008, 2009, and/or 2010 designed, manufactured, marketed, assembled, inspected, sold and/or distributed by Defendants, which was subject to recall by Toyota in January 2010 for defects in the vehicle's gas pedal, and who have been subjected to Defendants' conduct outlined in this class action complaint.

20.     Plaintiff, for herself and on behalf of the Plaintiff Class, described more fully below, seeks monetary and injunctive relief against Defendants to redress Defendants' unlawful conduct and to prevent this conduct from occurring in the future.

21.     Toyota is the largest automobile manufacturer in the United States in terms of number of sales per year.  Over the last ten years, Toyota has sold over 20 million vehicles in the United States.

22.     Toyota has been operating in the United States since 1957 and is one of the largest automobile manufacturers in the world. In 2008 alone, Toyota sold more than 2.2 million vehicles in the United States. Toyota also sells its vehicles under the luxury brand name Lexus.

23.     Toyota manufactures and sells various models of passenger and commercial vehicles to customers in each of the states, including the Avalon, Camry, Corolla, Highlander, Matrix, Rav4, Sequoia, and Tundra.

24.    Toyota operates manufacturing facilities in several different states, including, but not limited to, Alabama, California, Indiana, Kentucky, Texas, and West Virginia.

25.    In or about August 2009, the National Highway Traffic Safety Administration ("NHTSA"), along with Toyota, launched an investigation relating to the unintended acceleration in some of its vehicles.

26.    On September 29, 2009, NHTSA announced Toyota's intention to recall approximately 4.3 million vehicles' floor mats which allegedly were causing the accelerator pedals in these same vehicles to become stuck in the depressed position causing uncontrollable and rapid acceleration of the vehicle.

27.    On January 21, 2010, Toyota announced that it was recalling 2.3 million vehicles produced in the years 2005 through 2010 due to problems with the accelerator pedals on those vehicles becoming stuck in a depressed position, causing unexpected and unsafe acceleration.

28.    To date, Toyota has recalled approximately 5.3 million vehicles for problems with accelerator pedals sticking.

29.    The affected models are the 2009 and 2010 Toyota RAV4, the 2009-2010 Toyota Corolla, the 2009-2010 Toyota Matrix, the 2009-2010 Pontiac Vibe, the 2010 Toyota Highlander, the 2007-2010 Toyota Tundra, the 2008-2010 Toyota Sequoia, and the 2007-2010 Toyota Camry ("Subject Vehicles").

**FACTUAL ALLEGATIONS PERTAINING TO THE NAMED PLAINTIFF**

30.    In 2008, Plaintiff purchased a Toyota Avalon LTD, model year 2008, VIN # 4T1BK36B08U317127, from Brunswick Toyota in Brunswick, New Jersey, which was subject to a recall by the Defendants in January of 2010 for defects in the vehicle's gas pedal.

31.    Plaintiff is a member of the proposed Class herein.

## CLASS DEFINITIONS

32.     Plaintiff brings this action pursuant to F.R.C.P. 23 on behalf of herself and all others similarly situated including the Class as follows:

> Toyota New Jersey Class: All citizens, residents, or domiciliaries of the State of New Jersey who own and/or lease a Toyota vehicle of model years 2005, 2006, 2007, 2008, 2009, and/or 2010 designed, manufactured, marketed, assembled, inspected, sold and/or distributed by Defendants, which was subject to recall by Toyota in January 2010 for defects in the vehicle's gas pedal.

33.     Excluded from the Class are:

   a.  Defendants' officers and directors;

   b.  any judge or judicial officer assigned to this matter and his or her immediate family; and

   c.  any legal representative, successor, or assign of any excluded person or entity.

34.     Plaintiff is a member of the class as defined in paragraph 32 above.  Plaintiff reserves the right to modify the class definition or propose one or more subclasses if discovery reveals such modifications are appropriate.

## CLASS ACTION ALLEGATIONS

35.     Numerosity of the Class: The proposed Class is so numerous that joinder is impractical. The disposition of these claims through this Class Action will be more efficient and will benefit the parties and the Court. The identities of the individual members of the Plaintiff Class are ascertainable through, *inter alia*, sales receipts and/or corporate records. Further, the Plaintiff Class may be informed of the pendency of the class action by direct mail, internet, or other means.

36.     Predominance of the Common Questions of Fact and Law: A well-defined community of interest in the questions of law and fact common to the Toyota New Jersey Class

predominate over questions affecting only individual Plaintiff Class Members including, but not limited to:

    d.   Whether Defendants manufactured and/or marketed and sold defective vehicles;

    e.   Whether Defendants failed to give adequate and timely warning of the dangers of their vehicles;

    f.   Whether Defendants concealed adverse information from Plaintiff and the Plaintiff Class Members regarding the Subject Vehicles;

    g.   Whether Defendants violated applicable New Jersey State consumer protection laws;

    h.   Whether Plaintiff and the Plaintiff Class Members are entitled to recover compensatory, exemplary, punitive, and/or other damages as a result of Defendants' negligent and unlawful conduct;

    i.   What the proper mechanism is for assessing and awarding damages and administering relief to the Plaintiff Class Members, including the relief to reduce the threat of future harm to the Plaintiff Class Members;

    j.   Whether Defendants' conduct in manufacturing, failing to warn, selling and/or promoting and/or marketing and/or distributing the Subject Vehicles fell below the duty of care owed by Defendants to Plaintiff and the Plaintiff Class Members;

    k.   Whether Defendants negligently, recklessly, or intentionally concealed information about the safety of the Subject Vehicles from the Plaintiff and the Plaintiff Class Members;

    l.   Whether Defendants are strictly liable in tort for selling a defective product;

    m.  Whether Defendants' conduct constitutes negligence;

    n.   Whether Defendants breached express warranties;

    o.   Whether Defendants breached implied warranties of merchantability;

    p.   Whether Defendants acted to defraud, misrepresent, and deceive the Plaintiff and/or the Plaintiff Class Members;

    q.   Whether Plaintiff and the Plaintiff Class Members have sustained irreparable harm and whether they are entitled to equitable relief including restitution and/or refund and, if so, the nature and extent of such damages;

    r.   Whether the Plaintiff and the Plaintiff Class Members are entitled to compensatory damages and, if so, the nature and extent of such damages;

s.   Whether Defendants are liable for punitive damages and, if so, how much is necessary and appropriate to punish them for their conduct, deter others and fulfill the policies and purposes of punitive and/or exemplary damages; and

t.   How any and all punitive and/or exemplary damages awarded to Plaintiff should be equitably allocated among the Plaintiff and the Plaintiff Class Members.

37.   Typicality: Having been a victim of Defendants' unlawful and negligent conduct, Plaintiff is a member of the Toyota New Jersey Class. Plaintiff purchased a Toyota Avalon LTD, model year 2008, which was subject to recall by Toyota in January 2010 for defects in the vehicle's gas pedal.  All members of the Plaintiff Class have purchased and/or leased a Toyota vehicle of model year 2005, 2006, 2007, 2008, 2009, and/or 2010 designed, manufactured, marketed, assembled, inspected, sold and/or distributed by Defendants, which was subject to recall by Toyota in January 2010 for defects in the vehicle's gas pedal.  Plaintiff and members of the Toyota New Jersey Class have similarly suffered harm arising from Defendants' violations of law and negligent conduct as alleged herein.

38.   Adequacy of Representation: Plaintiff is an adequate representative of the Plaintiff Class and she is a member of the Plaintiff Class and her interests do not conflict with the interests of the members of the Plaintiff Class he seeks to represent. Further, Plaintiff is represented by experienced and able counsel who has litigated numerous mass tort and products liability class actions and intends to prosecute this action vigorously for the benefit of the entire Plaintiff Class. Plaintiff and his counsel will fairly and adequately protect the interests of the members of the Plaintiff Class.

39.   Superiority: A class action is superior to other available methods for the efficient adjudication of this litigation since individual litigation of each Plaintiff Class Members' claim is impracticable. It would be unduly burdensome to the courts in which individual litigations would proceed. Further, individual litigations present a potential for inconsistent and/or contradictory

9

judgments and further increases the delay and expense to all parties and the courts. By contrast, the class action device presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court. Additionally, notice of the pendency and/or resolution of this class action can be provided to the Plaintiff Class Members by direct mail, as upon information and belief, Defendants herein have kept detailed records as to their sale of the Subject Vehicles.

40.     This action is also properly certified under the provisions of F.R.C.P. 23 because:

    a.  the prosecution of separate actions by individual members of the Plaintiff Class would create a risk of inconsistency of varying adjudications with respect to individual Plaintiff Class Members, thus establishing incompatible standards of conduct for Defendants; and

    b.  due to the nature of the relief sought, the prosecution of separate actions by the individual members of the Plaintiff Class would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other members of the Plaintiff Class not parties to such adjudications or would substantially impair or impede the ability of such members of the Plaintiff Class to protect their interests.

## COUNT I

## PRODUCT LIABILITY – NEGLIGENCE (N.J.S.A. 2A:58C-1 *et seq.*)

41.     Plaintiff incorporates by reference paragraphs 1 through 40 above, as though fully set forth herein.

42.     Toyota had a duty to Plaintiff and the Plaintiff Class Members to provide a safe product in design and manufacture, to notify the NHTSA, and to warn the NHTSA of the defective nature of the accelerator pedals in the Subject Vehicles.

43.     Toyota breached its duty of reasonable care to Plaintiff and the Plaintiff Class Members by designing the accelerator pedals of the Subject Vehicles in such a manner that they were prone to becoming stuck in the depressed position and failing to return or returning extremely slowly to the idle position, thereby causing the vehicle to accelerate rapidly,

uncontrollably and dangerously.

44.    Toyota breached its duty of reasonable care to Plaintiff and the Plaintiff Class Members by manufacturing and/or assembling the accelerator pedals of the Subject Vehicles in such a manner that they were prone to becoming stuck in the depressed position and failing to return or returning extremely slowly to the idle position, thereby causing the vehicle to accelerate rapidly, uncontrollably and dangerously.

45.    Toyota breached its duty of reasonable care to Plaintiff and the Plaintiff Class Members by failing to recall the Subject Vehicles at the earliest possible date and instead blaming the defect on a much less dangerous supposed "floor mat" defect.

46.    Toyota breached its duty of reasonable care to Plaintiff and the Plaintiff Class Members by failing to exercise due care under the circumstances.

47.    As a direct and proximate result of Toyota's negligence as set forth in the preceding paragraphs, Plaintiff and the Plaintiff Class Members have sustained and will continue to sustain the loss of use of their vehicles, severe emotional distress, economic losses, consequential damages and other damages and are entitled to compensatory damages, and equitable and declaratory relief according to proof.

48.    Defendants' egregious misconduct alleged above warrants the imposition of punitive damages against Toyota to prevent such future behavior.

WHEREFORE, Plaintiff demands judgment against Defendants on her own behalf and on behalf of a Class of persons defined herein for compensatory, equitable, treble, and actual and punitive damages, injunctive relief, costs of suit, and attorneys' fees, and all such other relief as the Court deems proper.

11

## COUNT II
## PRODUCT LIABILITY – DESIGN DEFECT, MANUFACTURING DEFECT AND FAILURE TO WARN (N.J.S.A. 2A:58C-1 *et seq.*)

49.     Plaintiff incorporates by reference paragraphs 1 through 48 above, as though fully set forth herein.

50.     At all times material hereto, Toyota was engaged in the business of designing, manufacturing, assembling, promoting, advertising, selling, and distributing vehicles in the United States, including but not limited to, the Subject Vehicles.

51.     Toyota knew and expected for the Subject Vehicles to eventually be sold to and operated by purchasers and /or eventual owners of the Subject Vehicles, including Plaintiff and the Plaintiff Class members; consequently, Plaintiff and the Plaintiff Class Members were expected users of the Subject Vehicles which Toyota manufactured.

52.     The Subject Vehicles reached Plaintiffs without substantial change in their condition from time of completion of manufacture by Toyota.

53.     The accelerator pedal defects in the Subject Vehicles could not have been contemplated by any reasonable person expected to operate the Subject Vehicles, and, therefore, presented an unreasonably dangerous situation for expected users of the Subject Vehicles even though Subject Vehicles were operated by expected users in a reasonable manner.

54.     Toyota should have reasonably foreseen that the dangerous conditions caused by the defective accelerator pedals in the Subject Vehicles would subject Plaintiff and the Plaintiff Class Members to harm resulting from the defective pedals.

55.     Plaintiff and the Plaintiff Class Members have used the Subject Vehicles reasonably and as intended, to the fullest degree possible given the defective nature of the accelerator pedals, and, nevertheless, have suffered damages through no fault of their own.

12

56.    As a direct and proximate cause of Toyota's design, manufacture, assembly, marketing, and sales of the Subject Vehicles, Plaintiff and the Plaintiff Class Members have sustained and will continue to sustain the loss of use of their vehicles, severe emotional distress, economic losses and consequential damages, and are, therefore,    entitled    to    compensatory relief according to proof, and entitled to a declaratory judgment that Toyota is liable to Plaintiffs and Class Members for breach of its duty to design, manufacture, assemble, market, and sell a safe product, fit for its reasonably intended use.  Plaintiff and the Plaintiff Class Members are therefore entitled to equitable relief as described below.

WHEREFORE, Plaintiff demands judgment against Defendants on her own behalf and on behalf of a Class of persons defined herein for compensatory, equitable, treble, and actual and punitive damages, injunctive relief, costs of suit, and attorneys' fees, and all such other relief as the Court deems proper.

## COUNT III
## BREACH OF EXPRESS WARRANTY

57.    Plaintiff incorporates by reference paragraphs 1 through 56 above, as though fully set forth herein.

58.    Defendants expressly warranted and represented to Plaintiff and the Plaintiff Class Members that the Subject Vehicles were safe and fit for their reasonably intended use.

59.    Said representations and warranties aforementioned are false, misleading, and inaccurate in that the Subject Vehicles are unsafe, unreasonably dangerous, improper, not fit for their reasonably intended use, and defective and cause injury to its consumers.

60.    The Subject Vehicles do not conform to these express warranties and representations because the Subject Vehicles are not safe and are, in fact, associated with numerous defects including, but not limited to, defects in the Subject Vehicles' gas pedal.

13

61.    The Defendants herein breached the aforesaid express warranties, as the Subject Vehicles were negligently manufactured and/or designed.

62.    As a direct and proximate result of the breach of said warranties and representations, Plaintiff and the Plaintiff Class Members suffered damages.

63.    Plaintiff and the Plaintiff Class Members did rely on the express warranties of the Defendants herein.

64.    Defendants knew or should have known that the aforesaid representations and warranties were false, misleading and untrue in that the Subject Vehicles were not safe or fit for their reasonably intended use and, in fact, are associated with numerous defects including, but not limited to, defects in the Subject Vehicles' gas pedal.

65.    As a direct and proximate cause of Toyota's breach of the aforesaid express warranties, Plaintiff and the Plaintiff Class Members have sustained and will continue to sustain the loss of use of their vehicles, severe emotional distress, economic losses and consequential damages, and are, therefore, entitled to compensatory relief according to proof, and entitled to a declaratory judgment that Toyota is liable to Plaintiffs and Class Members for breach of its duty to design, manufacture, assemble, market, and sell a safe product, fit for its reasonably intended use.   Plaintiff and the Plaintiff Class Members are therefore entitled to equitable relief as described below.

WHEREFORE, Plaintiff demands judgment against Defendants on her own behalf and on behalf of a Class of persons defined herein for compensatory, equitable, treble, and actual and punitive damages, injunctive relief, costs of suit, and attorneys' fees, and all such other relief as the Court deems proper.

## COUNT IV
## PRODUCT LIABILITY – BREACH OF IMPLIED WARRANTY
### (N.J.S.A. 2A:58C-1 *et seq.*)

66.     Plaintiff incorporates by reference paragraphs 1 through 65 above, as though fully set forth herein.

67.     At all times herein, Defendants manufactured, compounded, portrayed, distributed, recommended, merchandised, advertised, promoted, and sold the Subject Vehicles.

68.     At the times Defendants marketed, sold, and distributed the Subject Vehicles for use by Plaintiff and the Plaintiff Class Members, Defendants knew of the use for which Defendants' the Subject Vehicles were intended and impliedly warranted the product to be of merchantable quality and fit for such use.

69.     The Defendants impliedly represented and warranted to Plaintiff and the Plaintiff Class Members that the Subject Vehicles were safe and of merchantable quality and fit for the ordinary use for which said product was to be used.

70.     Said representations and warranties aforementioned are false, misleading, and inaccurate in that the Subject Vehicles are unsafe, unreasonably dangerous, improper, not merchantable quality, and defective and cause injury to its consumers.

71.     Plaintiff and the Plaintiff Class Members relied on said implied warranty of merchantability of fitness for a particular use and purpose.

72.     Plaintiff and the Plaintiff Class Members reasonably relied upon the skill and judgment of Defendants as to whether the Subject Vehicles were of merchantable quality and safe and fit for their intended use.

73.     The Subject Vehicles were placed into the stream of commerce by Defendants in a defective, unsafe, and inherently dangerous condition and the products and materials were

15

expected to, and did, reach users, handlers, and persons coming into contact with said product without substantial change in the condition in which they were sold.

74.     The Defendants herein breached the aforesaid implied warranties, as the Subject Vehicles were not fit for their intended purposes and uses.

75.     As a direct and proximate cause of Toyota's breach of the aforesaid implied warranties, Plaintiff and the Plaintiff Class Members have sustained and will continue to sustain the loss of use of their vehicles, severe emotional distress, economic losses and consequential damages, and are, therefore, entitled to compensatory relief according to proof, and entitled to a declaratory judgment that Toyota is liable to Plaintiffs and Class Members for breach of its duty to design, manufacture, assemble, market, and sell a safe product, fit for its reasonably intended use.   Plaintiff and the Plaintiff Class Members are therefore entitled to equitable relief as described below.

76.     WHEREFORE, Plaintiff demands judgment against Defendants on her own behalf and on behalf of a Class of persons defined herein for compensatory, equitable, treble, and actual and punitive damages, injunctive relief, costs of suit, and attorneys' fees, and all such other relief as the Court deems proper.

**COUNT V**
**VIOLATIONS OF NEW JERSEY CONSUMER FRAUD ACT (N.J.S.A. 56:8-1 *et seq.*)**

77.     Plaintiff incorporates by reference paragraphs 1 through 76 above, as though fully set forth herein.

78.     The Subject Vehicles are considered "merchandise" as that term is defined by N.J.S.A. 56:8-1(c).

79.     The Defendants are designers, manufacturers, promoters, marketers, developers, sellers and/or distributors of the Subject Vehicles.

80.     The Defendants knew, or should have known, that the Subject Vehicles were unreasonably dangerous and defective, and had a propensity to cause serious injuries.

81.     Notwithstanding the foregoing, the Defendants omitted material facts in the disclosures it made to the public and to consumers, including the Plaintiff and the Plaintiff Class Members herein, concerning the use and safety of the Subject Vehicles.

82.     The Defendants have violated the New Jersey Consumer Fraud Act (N.J.S.A. 56:8-1 *et seq.*), in that they made untrue, deceptive, and/or misleading representations of material facts, and omitted and/or concealed material facts from the public, including the Plaintiff and the Plaintiff Class Members herein, concerning the use and safety of the Subject Vehicles.

83.     The Defendants practice of promoting the Subject Vehicles created and/or reinforced a false impression as to their safety.

84.     The Defendants practice of promoting the Subject Vehicles placed and continues to place all consumers of the Subject Vehicles at risk for serious injury.

85.     The Defendants' statements and omissions were made with the intent that Plaintiff and the Plaintiff Class Members herein would rely on such statements and omissions.

86.     The Plaintiff and the Plaintiff Class Members purchased and used the Subject Vehicles for personal, family, or household purposes and suffered ascertainable losses of money as a result of the Defendants' use or employment of the methods, acts, or practices alleged herein.

87.     The aforesaid promotion, statements and/or omissions concerning the Subject Vehicles by the Defendants constitute an unconscionable commercial practice, deception, false pretense, misrepresentation, and/or knowing concealment, suppression, or omission of material facts with the intent that others rely upon such concealment, suppression, or omission in

connection with the sale or advertisement of merchandise or services by Defendants, in violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq*.

88.     As a direct and proximate result of the Defendants' acts of consumer fraud, the Plaintiff and the Plaintiff Class Members suffered ascertainable loss – economic loss that includes the purchases of the Subject Vehicles and additional out-of-pocket related costs – for which the Defendants are liable to the Plaintiff and the Plaintiff Class Members for treble the actual damages.

WHEREFORE, Plaintiff demands judgment against Defendants on her own behalf and on behalf of a Class of persons defined herein for compensatory, equitable, treble, and actual and punitive damages, injunctive relief, costs of suit, and attorneys' fees, and all such other relief as the Court deems proper.

### COUNT VI
### UNJUST ENRICHMENT

89.     Plaintiff incorporates by reference paragraphs 1 through 88 above, as though fully set forth herein.

90.     Defendants have received benefits from Plaintiff and members of the Plaintiff Class in the form of the prices Plaintiff and the members of the Plaintiff Class paid for the Subject Vehicles.

91.     By failing to disclose to the Plaintiff, the members of the Plaintiff Class and the public in general that the Subject Vehicles are not safe for their intended purposes, the Defendants reaped millions of dollars in profits that they otherwise would not have obtained and caused Plaintiff and the members of the Plaintiff Class to expend money on the Subject Vehicles.

92.     Defendants are aware of their receipt of those benefits.

93.     Defendants received those benefits to the detriment of Plaintiff and each of the

other members of the Plaintiff Class.

94.     Defendants continue to retain those benefits to the detriment of the Plaintiff and each of the other members of the Plaintiff Class.

95.     Under these circumstances, it would be inequitable and against good conscience for Defendants to retain those benefits.

96.     As a result of Defendants' unjust enrichment, Plaintiff and the members of the Plaintiff Class have sustained damages in an amount to be determined at trial and seek full disgorgement and restitution of Defendants' ill-gotten gains acquired as a result of the unlawful or wrongful conduct alleged herein.

WHEREFORE, Plaintiff demands judgment against Defendants on her own behalf and on behalf of a Class of persons defined herein for compensatory, equitable, treble, and actual and punitive damages, injunctive relief, costs of suit, and attorneys' fees, and all such other relief as the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Plaintiff Class Members demand judgment against the Defendants, jointly and severally, as follows:

1.  An Order certifying the Class, appointing MARGARET GONZALEZ as Class Representative and appointing PARKER WAICHMAN ALONSO LLP, DOUGLAS & LONDON, P.C., and BECNEL LAW FIRM, LLC as counsel to the Class;

2.  Equitable, injunctive, and declaratory relief;

3.  Damages in an amount to be determined at trial, but in an amount exceeding the jurisdictional limits;

4.  Pre-judgment and post-judgment interest at the maximum rate allowable at law;

5.  Treble, exemplary, and/or punitive damages in an amount to be determined at trial;

6.  The costs and disbursements incurred by Plaintiff and Plaintiff Class Members in

connection with this action, including reasonable attorneys' fees;

7. All statutory damages; and

8. Such other and further relief under all applicable state and federal law and any other relief the Court deems just and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff, individually and on behalf of the Plaintiff Class Members, hereby demands a trial by jury as to all issues so triable.

Dated:     Great Neck, New York
           February 3, 2010

Respectfully submitted,

**PARKER WAICHMAN ALONSO LLP**

By: _____
     Jerrold S. Parker (JP6865)
     Andres F. Alonso (AA8307)
     David B. Krangle (DK8085)
     Melanie H. Muhlstock (MM9309)
     111 Great Neck Road, 1st Floor
     Great Neck, New York 11021
     Telephone: (516) 466-6500
     Facsimile: (516) 466-6665
     Email:  Jerry@yourlawyer.com
     Email:  Aalonso@yourlawyer.com
     Email:  DKrangle@yourlawyer.com
     Email:  mmuhlstock@yourlawyer.com

     Michael A. London (ML7510)
     **DOUGLAS & LONDON, P.C.**
     111 John Street, Suite 1400
     New York, New York 10038
     Telephone: (212) 566-7500
     Facsimile: (212) 566-7501
     Email: mlondon@douglasandlondon.com

Daniel E. Becnel, Jr.
Matthew B. Moreland
**BECNEL LAW FIRM, LLC**
106 West 7th Street
P.O. Drawer H
Reserve, Louisiana 70084
Telephone: (985) 536-1186
Facsimile: (985) 536-6445
Email:  dbecnel@becnellaw.com
Email:  mmoreland@becnellaw.com

*Attorneys for Plaintiff Margaret Gonzalez,*
*on her own behalf and on behalf of all*
*others similarly situated*

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>

The undersigned attorney for Plaintiff certifies that this matter in controversy may also be

the subject of the following action:

> *Weimer, et al. v. Toyota Motor North America, Inc., et al.*
> Civil Action No, 10-219 (E.D. Louisiana)

I certify that the foregoing statement made by me is true to the best of my knowledge,

information and belief.  I am aware that if the foregoing statement made by me is willfully false,

I am subject to punishment.

Dated:  Great Neck, New York
        February 3, 2010

Respectfully submitted,

**PARKER WAICHMAN ALONSO LLP**

By: _____
Jerrold S. Parker (JP6865)
Andres F. Alonso (AA8307)
David B. Krangle (DK8085)
Melanie H. Muhlstock (MM9309)
111 Great Neck Road, 1st Floor
Great Neck, New York 11021
Telephone: (516) 466-6500
Facsimile: (516) 466-6665
Email:  Jerry@yourlawyer.com
Email:  Aalonso@yourlawyer.com
Email: DKrangle@yourlawyer.com
Email:  mmuhlstock@yourlawyer.com

Michael A. London (ML7510)
**DOUGLAS & LONDON, P.C.**
111 John Street, Suite 1400
New York, New York 10038
Telephone: (212) 566-7500
Facsimile: (212) 566-7501
Email: mlondon@douglasandlondon.com

Daniel E. Becnel, Jr.
Matthew B. Moreland
**BECNEL LAW FIRM, LLC**
106 West 7th Street
P.O. Drawer H
Reserve, Louisiana 70084
Telephone: (985) 536-1186
Facsimile: (985) 536-6445
Email:  dbecnel@becnellaw.com
Email:  mmoreland@becnellaw.com

*Attorneys for Plaintiff Margaret Gonzalez,*
*on her own behalf and on behalf of all*
*others similarly situated*

## CERTIFICATION OF NOTICE

Pursuant to N.J.S.A. 56:8-20, Plaintiff is mailing a copy of this Complaint and Jury

Demand to the Office of the Attorney General, CN-006, Trenton, New Jersey, within ten (10)

days of the filing of this Class Action Complaint and Jury Demand.

Dated: Great Neck, New York
        February 3, 2010

                Respectfully submitted,

                **PARKER WAICHMAN ALONSO LLP**

By: _____
                Jerrold S. Parker (JP6865)
                Andres F. Alonso (AA8307)
                David B. Krangle (DK8085)
                Melanie H. Muhlstock (MM9309)
                111 Great Neck Road, 1st Floor
                Great Neck, New York 11021
                Telephone: (516) 466-6500
                Facsimile: (516) 466-6665
                Email: Jerry@yourlawyer.com
                Email: Aalonso@yourlawyer.com
                Email: DKrangle@yourlawyer.com
                Email: mmuhlstock@yourlawyer.com

                Michael A. London (ML7510)
                **DOUGLAS & LONDON, P.C.**
                111 John Street, Suite 1400
                New York, New York 10038
                Telephone: (212) 566-7500
                Facsimile: (212) 566-7501
                Email: mlondon@douglasandlondon.com

Daniel E. Becnel, Jr.
Matthew B. Moreland
**BECNEL LAW FIRM, LLC**
106 West 7th Street
P.O. Drawer H
Reserve, Louisiana 70084
Telephone: (985) 536-1186
Facsimile: (985) 536-6445
Email:  dbecnel@becnellaw.com
Email:  mmoreland@becnellaw.com

*Attorneys for Plaintiff Margaret Gonzalez,*
*on her own behalf and on behalf of all*
*others similarly situated*